[Civ. No. 1116.   First Appellate District.—May 15, 1913.]

SARAH LUND, as Administratrix of the Estate of CHARLES R. LUND, Deceased, Respondent, v. L. A. GANAHL et al., Defendants; TILLAMOOK NAVIGA. TION COMPANY (a Corporation), Appellant.

SALE—WHETHER TRANSACTION IS SALE OR CONTRACT TO SELL—INTEN-TION OF PARTIES.—It is a question of the intention of the parties whether a transaction amounts to a sale or simply a contract to sell.

ID.—TRANSFER OF TITLE—NECESSITY OF BILL OF SALE AND PAYMENT OF PRICE.—It is not essential to the transfer of an interest in personal property that the price should be fully paid, or that a bill of sale should pass; and when no different intention is manifested from the transaction, the presumption is that title passes without payment of the price or delivery of the bill of sale.

ID.—PURCHASE OF PART INTEREST IN STEAMSHIP—DESTRUCTION OF VESSEL—RESCISSION BY PURCHASER.—In this action to rescind the purchase of an interest in a steamship and to recover the amount paid, on the theory of a failure of consideration because of the vessel being wrecked before full payment, it is held that the transaction amounted to a sale, and not merely a contract of sale, although the price was not fully paid and no bill of sale passed between the parties.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.　J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

C. H. Wilson, for Appellant.

L. S. Melsted, Fabius T. Finch, and John West, for Respondent.

KERRIGAN, J.—In January, 1907, Ganahl & Co., a copartnership, with certain individuals and a corporation agreed to form a shipping corporation to purchase several steamers, to be operated on the Pacific coast in the lumber trade. In pursuance of the enterprise L. A. Ganahl, the authorized agent of the incorporators, went east and purchased two steamships, one of them being the "Minnie E. Kelton," taking title thereto in the name of Ganahl & Co. Charles R. Lund, a marine engineer, proceeded from San Francisco to Milwaukee, and there arranged with L. A. Ganahl that he would take employment as chief engineer of the "Minnie E. Kelton," and he also agreed in writing to purchase a 1/32 interest in that vessel, the purchase price to be a 1/32 part of her cost at San Francisco.

Thereafter the prospective corporation was duly organized under the name Tillamook Navigation Company and took over by assignment from Ganahl & Co. all right, title, and interest in and to said vessel.

In February, 1908, and subsequent to the arrival of the vessel in San Francisco it was found that, after deducting payments by Lund and certain credits to which he was entitled, he still owed on account of his purchase of a 1/32 interest in the ship the sum of $782.19. Lund was unable to pay this balance at the time agreed, and it was arranged that he should give his promissory note therefor to the Tillamook Navigation Company, which he did. Thereafter he made three payments aggregating one hundred and forty dollars. No formal transfer of his interest was ever made to him, and on the records of the United States custom house the title remained in the name of the Tillamook Navigation Company.

The agent of the proposed incorporators had insured the ship for its voyage from the place of purchase to San Francisco, and on the way she was damaged. The amount of the premium and the cost of repairs were charged against the ship, and formed part of the price which Lund was required to pay under his contract of purchase, and a proportion of the insurance was credited to his account.

Just before the ship began voyages on the Pacific coast she was insured by the Tillamook Navigation Company for forty-nine thousand dollars. Subsequently the vessel was wrecked, and the Tillamook Navigation Company in writing abandoned the ship to the underwriters, and received forty-nine thousand dollars as insurance. The testimony shows that the navigation company insured the whole of the vessel for this sum, and that at the time the insurance was placed the vessel was valued at seventy-eight thousand five hundred dollars. The wreck of the vessel occurred on its second voyage on the Pacific coast, and at that time Lund, who was her chief engineer, was drowned.

Thereafter Sarah Lund, his widow, the plaintiff herein, was appointed administratrix of his estate, and as such, having theretofore served the navigation company with notice for that purpose brought the present action to enforce a rescission of the contract of purchase.

Defendant Tillamook Navigation Company answered and alleged a counterclaim for the balance due on Lund's promissory note, together with certain advances on account of Lund's 1/32 interest in the ship, amounting in all to $842.87.

Just before the case was submitted for decision to the trial court, and after notice, the plaintiff filed an amended or supplemental complaint, wherein the fact of the insurance of said vessel for forty-nine thousand dollars was recited, and it was alleged that a 1/32 part of that insurance was held for the use and benefit of plaintiff by the navigation company, and judgment for that amount was demanded.

Defendant answered, denying the allegations of the supplemental complaint; and thereupon the case having been submitted, the court gave judgment in favor of the plaintiff for the sum of $687.38, consisting of said proportion of said insurance money less the amount due on Lund's promissory note and the proper costs and charges due from him.

Both parties being dissatisfied with the judgment have appealed.

Plaintiff asserts that under the agreement of purchase, title to the 1/32 interest in the vessel was not to pass until Lund had fully paid therefor; that the vessel having been wrecked before that time there was a failure of consideration, and that plaintiff was entitled to a return of the amount paid by Lund on account of the purchase.

If this be the correct construction of the contract the result as a proposition of law is as stated by counsel for plaintiff. (35 Cyc. 602.) But under all the circumstances of the case we think the transaction between Lund and the defendants amounted to a sale, and not merely a contract of sale. It is true that the price was not fully paid, and that no bill of sale passed between the parties, but as to whether or not there was a sale was a question of intention; and it is well settled that it is not essential to the transfer of an interest in personal property that either of those two things should have been done; and when, as here, no different intention is manifested the presumption is that title does pass without payment of the price or delivery of a bill of sale. (35 Cyc. 27, 279; 322.)

Assuming that under the terms of the instrument it is doubtful whether or not the contract was one of sale, we are of the opinion that with the exception of the delivery of a bill of sale it would be difficult to conceive of a case in which, the price not being in full, the buyer more completely acted or was more completely treated as an owner than in this case. Lund by payments and agreed deductions from his salary had paid by the time the vessel reached San Francisco a large proportion of his share of the agreed purchase price of the vessel; and being unable at that time to pay the balance as agreed, gave his promissory note therefor, and subsequently was charged and credited respectively with a 1/32 part of the expenses and profits of the vessel. At various times different kinds of insurance was taken out on the ship by the Tillamook Navigation Company, the managing owner; and while the record fails to show that in each instance Lund was charged with his share of the premiums, it does show that in all cases of loss, except the last one, he was credited with his proportion of the amount collected. When the vessel was last insured it is plain that it was intended by the parties that Lund was liable for his

*pro rata* of the premiums, and would be entitled in the event of loss to his share of insurance. This and other acts of the parties, as well as the terms of the contract, tend to show that title to a 1/32 of the "Minnie E. Kelton" had passed to Lund prior to his death. It was upon this theory that the plaintiff acted in filing, as she did, near the conclusion of the trial, a supplemental complaint, demanding a share of the insurance money.

The conclusion reached in this case being in harmony with the position of defendants, they certainly were not harmed by the filing of the supplemental complaint, and we need not therefore consider their point that the court erred in permitting it to be filed.

As to defendant's point that the insurance of forty-nine thousand dollars was effected on its interest in the vessel exclusively, we have already sufficiently indicated our view that the circumstances tend to show otherwise, and warranted the trial court in awarding to plaintiff a *pro rata* corresponding with Lund's interest in the vessel.

Other points made have been considered, but do not require any special mention.

The judgment is affirmed—neither party to recover the costs of appeal.

Lennon, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1913.